DISASTER SOLUTIONS, LLC

**Plaintiff**


v.

CITY OF SANTA ISABEL, PUERTO
RICO

**Defendant**

**CIVIL NO.** 18-1898 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Defendant's *Motion to Dismiss under Fed. Rule of Civ. P. 12(b)(6)* ("*Motion to Dismiss*"). (Docket No. 11). After reviewing the parties' arguments, the documents on record and the applicable law, the Court hereby **GRANTS** Defendant's *Motion to Dismiss* the *Complaint* for failure to state a claim at Docket No. 11.

### I. BACKGROUND

In their *Amended Complaint*, Disaster Solutions, LLC, d/b/a Pathfinders Task Force ("DS" or "Plaintiff"), requests that the Court order the City of Santa Isabel ("the Municipality" or "Defendant") to pay monies owed for services rendered by DS to the Municipality in the wake of Hurricane María. (Docket No. 4 at 1 and 9). These services were rendered pursuant to the following:

(A) an initial proposal with hourly rates signed by city officials; (B) three written Federal Emergency Management Agency ("FEMA") Resource Request Forms, also signed by city officials; and (C) a letter of Authorization signed by the Hon. Mayor Enrique Questell-Alvarado, listing duties to be performed by DS. (Docket Nos. 4 ¶¶ 1, 8-9; 1-1; 1-2 and 1-3).

On February 16, 2019, Defendant filed a *Motion to Dismiss under Fed. Rule of Civ. P. 12(b)(6)*. (Docket No. 11). Specifically, Defendant asserts that under Puerto Rico law, for a government contract to be valid and enforceable, it must be in writing, executed prior to the rendering of services, and registered with the Office of the Comptroller. Id. at 6. Furthermore, Defendant affirms that these requirements were not modified by the "emergency procurement procedure" that was activated by the Puerto Rico Government's Executive Order No. 2017-047, which declared a state of emergency for Puerto Rico after Hurricane María. Id. at 8. Therefore, the Municipality contends that since there was never a valid contract with DS under Puerto Rico law, they do not have an obligation to pay the amounts requested. Id. at 9-13.

On their part, Plaintiff filed an *Opposition to Defendant's Motion to Dismiss under Rule 12(b)(6)*. (Docket No. 12). In their *Opposition*, Plaintiff argues that failing to register a contract with the Office of the Comptroller does not render null the agreements therein. Id. at 10. Moreover, DS indicates that the

Puerto Rico Supreme Court cases cited by Defendant in its *Motion to Dismiss* were decided before the Contract Registration Act was amended by Act No. 127 of May 31, 2004. Id. at 2.

Subsequently, pursuant to this Court's order at Docket No. 24, the parties provided supplemental briefings as to the applicable procurement regulations, the purpose of FEMA's Resource Request Form (RRF) and if any federal laws or regulations preempt Puerto Rico law's contract requirements. (Docket Nos. 25 and 26). Additionally, Plaintiff filed a *Response to Defendant's Motion in Compliance with* Order (Docket 24), alleging that the Municipality was negligent by failing to issue a certification stating that there was a written contract between the parties, that said contract was registered and that a copy of it was sent to the Comptroller as provided by law. (Docket No. 27).

## II. APPLICABLE LAW

### A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss under this rule, courts must determine whether "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). This requires treating "any non-conclusory factual allegations in the complaint

as true." <u>Nieto-Vicenty v. Valledor</u>, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). Courts may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,'(b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55–56 (1st Cir. 2012) (quoting <u>Arturet-Vélez v. R.J. Reynolds Tobacco Co.</u>, 429 F.3d 10, 13 n. 2 (1st Cir. 2005)).

**B. Contracts under Puerto Rico law**

In order for a contract to be valid and binding under Puerto Rico law, the following three requisite elements must exist: "1) the consent of the contracting parties; 2) a definite object which is the subject of the contract; and 3) the cause for the obligation which may be established." <u>APA Int'l Film Distributors, Inc. v. Corporacion de Puerto Rico para la Difusion Publica</u>, 394 F. Supp. 2d 443, 450 (D.P.R. 2005) (citing 31 P.R. Laws Ann. § 3391).

"Consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." <u>Marrero-García v. Irizarry</u>, 33 F.3d 117, 122 (1st Cir. 1994) (quoting 31 P.R. Laws Ann. § 5141). Thus, **an offer standing by itself will not establish the presence of a binding contract.** <u>Id.</u> (emphasis added).

The Puerto Rico Civil Code states that "[a]ll things, even future ones, which are not out of the commerce of man, may be the

object of a contract." 31 P.R. Laws Ann. § 3421. To decipher what constitutes the object of a specific contract, we must answer the following question: "[W]hat is it that is owed?" Bautista Cayman Asset Co. v. Oros Verdes, Inc., 2018 WL 987248, at *6 (D.P.R. 2018). On the other hand, the cause in a contract "points to the **purpose** or reason that underlies the contractual relationship." Id. (citing San Juan Credit Inc. v. Ramírez Carrasquillo, 113 D.P.R. 181, 185-86 (1982)). Lastly, this District has stated that "[w]hether or not the object or purpose of the contract is not fully specified is not necessarily an obstacle to the formation of the contract, as long as it may be possible to determine it without the need for a new agreement between the contracting parties." APA Int'l Film Distributors, Inc., 394 F. Supp. 2d at 450.

### C. Government Contracts

Pursuant to the Constitution of the Commonwealth of Puerto Rico, the State has an obligation "to apply the highest fiduciary and ethical principles when managing public funds." Cecort Realty Dev. Inc. v. Llompart-Zeno, 100 F. Supp. 3d 145, 157-158 (D.P.R. 2015) (quoting Ramiro Rodríguez Ramos v. ELA, 190 D.P.R. 448, 456 (2014)). Accordingly, contracts with the government of Puerto Rico "must satisfy strict requirements" than those agreed upon by private parties in order to be valid and enforceable. PDCM Assocs., SE v. Quiñones, 2016 WL 8711711, at *5 (D.P.R. 2016) (citing Jaap

Corp. v. Depto. Estado, 187 D.P.R. 730, 742-41 (2013). Specifically,

> [A] contract between the Puerto Rico government and a private party must be: 1) in writing, 2) maintain an accurate record with the purpose of establishing their existence prima facie; 3) a copy must be sent Office of the Comptroller of Puerto Rico as a double proof of the execution thereof, 4) and evidence the accuracy of time that it was executed fifteen (15) days before.

Id. "The requirement that the contract be in writing **is essential in order that the obligations contracted be effective.**" In re MEDSCI Diagnostics, Inc., 2012 WL 360020, at *2 (Bankr. D.P.R. 2012) (emphasis added); Colón Colón v. Municipio de Arecibo, 170 D.P.R. 718, 725 (2007).

Additionally, the Autonomous Municipality Act of Puerto Rico establishes that "[n]o disbursement whatsoever shall be authorized with regard to contracts without the evidence that the contract was sent to the Office of the Comptroller of Puerto Rico." 21 P.R. Laws Ann. § 4354.

Moreover, "[w]hen dealing with municipal contracting, the courts must keep in mind the well-established public policy that favors the application of restrictive norms" with regards to the formal requirements of government contracts. Plaza Carolina Mall, L.P. v. Municipality of Barceloneta, 91 F. Supp. 3d 267, 290 (D.P.R. 2015) (citing Cordero Velez v. Mun. de Guanica, 170 P.R. Dec. 237, 248, 2007 WL 542747 (2007)).

The requirements for government contracts "seek to protect the public interest and not the contracting parties." <u>Hatton v. Mun. de Ponce</u>, 134 D.P.R. 1001, 1011 (1994), 1994 P.R. Offic. Trans. 909, 605). Consequently, "private parties must exercise a more active role when contracting with municipalities." <u>Plaza Carolina Mall, L.P.</u>, 91 F. Supp. 2d at 290 (citing <u>Quest Diagnostics v. Mun. San Juan</u>, 175 P.R. Dec. 994, 2009 WL 1456730 (2009)). Moreover, "it is **presumed** that the parties that contract with a municipality **know** that they need to conduct themselves in keeping with th[e] specifications" for government contracts. <u>Las Marias v. Municipio San Juan</u>, 159 D.P.R. 868, 875 [P.R. Offic. Trans.] (2003) (emphasis added) (citing <u>Hatton v. Mun. de Ponce</u>, 134 D.P.R. at 1011).

Thus, the Puerto Rico Supreme Court has "**deemed inapplicable any equitable remedy,** such as unjust enrichment, in favor of private entities that contract with a municipality and suffer damages because they did not follow the established procedures." <u>Las Marias</u>, 159 D.P.R. at 875 [P.R. Offic. Trans.]. (emphasis added). Therefore, if a party contracting with any government entity fails to comply with these contracting requirements, they "run the risk of having to assume responsibility for their losses." <u>Cecort Realty Dev. Inc.</u>, 100 F. Supp. 3d at 157-158 (quoting <u>Ramiro Rodríguez Ramos v. ELA</u>, 190 D.P.R. 448, 456 (2014)).

Strict compliance with the government contract requirements has been enforced **even in cases where the Governor of Puerto Rico has declared a state of emergency**. *See* Las Marias, 159 D.P.R. at 876 [P.R. Offic. Trans.] (emphasis added). Even during emergency situations, there is a great public interest to avoid "waste, corruption and cronyism". Id. at 875 (quoting Fernández & Gutiérrez v. Mun. San Juan, 147 D.P.R. 824, 829-831).

## III. Analysis

Plaintiff's request for relief (i.e. the payment of monies owed for services rendered) requires the existence of a valid contract between DS and the Municipality. As discussed above, pursuant to Puerto Rico law, said contract would require consent, an object and cause, and would need to be in writing and registered with the Office of the Comptroller. *See* 31 P.R. Laws Ann. § 3391; PDCM Assocs., 2016 WL 8711711, at *5. Attached to the *Complaint* are the following documents between DS and the Municipality and which Plaintiff argues constitute an enforceable contract: (A) an initial proposal with hourly rates signed by city officials; (B) three written Federal Emergency Management Agency ("FEMA") Resource Request Forms also signed by city officials; and (C) a letter of Authorization signed by the Hon. Mayor Enrique Questell-Alvarado listing duties to be performed by DS. (Docket Nos. 1 ¶ 1; 1-1; 1-2; 1-3). For the reasons set forth below, the Court finds

that none of these documents meet the requirements of a valid contract pursuant to Puerto Rico law.

The initial proposal titled *Proposal for Open Blanket Purchase Order – Not to Exceed $50,000*, ("the Proposal") consists of a list of the various services that Disaster Solutions could provide, the hourly rate for each service, as well as what appears to be the number of hours that could be dedicated to each service. (Docket No. 1-1 at 1-2). The Proposal also states what the daily cost for training, equipment and an office would be, while specifying that transportation costs and per diems are yet to be determined. Id. at 2). However, the Proposal is not signed by the Mayor of the Municipality or by a DS representative, nor does it contain any language regarding either parties' consent. Under the Autonomous Municipality Act, only the **mayor** has the "authority to execute contracts" for professional, technical and consulting services that are necessary to carry out the municipality's activities, programs, operation or other public purposes authorized by the law.  21 P.R. Laws Ann. §§ 4366; 4051.

From the text of the Proposal, one cannot answer the question "what is owed." The Proposal does not state when the described services would be provided, how many people would be providing them, nor for how long. In other words, a new agreement would be needed in order to determine the precise object and purpose of a contract between the parties pursuant to the Proposal. *See* APA

Int'l Film Distributors, Inc., 394 F. Supp. 2d at 450. Therefore, in the absence of a written contract establishing the required elements of consent, object, or cause, the Proposal does not constitute a valid contract between DS and the Municipality. *See* 31 P.R. Laws Ann. § 3391.

In their *Complaint*, Plaintiff alleges that the three written FEMA Resource Request Forms "documented the increase in requests to DS beyond the initial proposal." (Docket Nos. 1 ¶ 8; 1-1). Furthermore, in *Plaintiff's Motion in Compliance with Order (Dkt 24)*, DS indicates that the purpose of these forms is "to allow FEMA to obtain the essential information required to initiate the evaluation and approval process when a state or local government request federal assistance in emergency and major disaster situations." (Docket No. 26 at 4). Thus, DS does not claim that these forms constitute contracts, if not that they show the Municipality's intent to contract with DS. However, in the absence of an original valid contract, these forms do not suffice to support Plaintiff's request for relief. *C.f* PDCM Assocs., 2016 WL 8711711, at *5 (citing Vicar Builders v. ELA, 192 D.P.R. 256, 269-70 (P.R. 2015)) (Holding that "a tacit or implied renewal contract arising out of an expired lease agreement is not a valid or enforceable contract against the government as it violates public policy.").

Lastly, to prove the existence of an agreement with the Municipality, Plaintiff attached a letter on behalf of the Municipality's Mayor and Chief of Emergency Services directed to all agencies and organizations operating within the Municipality titled *Letter of Authorization in re Hurricane Maria Response/Recovery* (the "Letter"). (Docket Nos. 1 ¶ 1; 1-3). As stated by Plaintiff, this letter "delineated a list of exemplary duties to be performed by DS throughout the City." (Docket Nos. 1 ¶ 9). However, it does not specify the services DS would be rendering nor what the Municipality would be providing in exchange for said services. Thus, the Letter also does not have an object, nor a cause as required by Puerto Rico law. 31 P.R. Laws Ann. § 3391. Moreover, as in the case of the Proposal, the Letter is not signed by any DS representative.

The Court notes that on September 17, 2017, the Governor of Puerto Rico issued an executive order declaring a state of emergency due to the impending Hurricane María. *See* P.R. Exec. Order. No. 2017-047-Eng (Sept. 17, 2017). Section 2 of the Executive Order established that "[t]his Emergency Declaration meets the requirements to enable all agencies and municipalities to activate the special 'emergency procurement' procedures to purchase any materials and services that may be essential to respond to the emergency." Id. When an emergency declaration such as this one is issued; the Autonomous Municipality Act provides

that municipalities do not need to comply with the **public bidding process** prior to purchasing or acquiring supplies or services. 21 P.R. Laws Ann. § 4502(c). **The state of emergency declaration did not eliminate the requirements for government contracts, specifically that they be in writing, nor the necessity for the general contract elements of consent, object and cause.**[1]

## IV. CONCLUSION

As discussed above, the strict requirements for government contracts exist to protect public interests and funds, not those of the private parties. *See* Hatton, 134 D.P.R. 1001 at 1011. Moreover, private parties are presumed to know that they need to comply with said requirements. *See* Las Marias, 159 D.P.R. at 875. Accordingly, if a private party fails to meet the government contract requirements, they are barred from seeking any equitable remedy, such as unjust enrichment. Id.

In the case at bar, DS failed to comply with the essential components of a contract under Puerto Rico law, let alone the requirements for government contracts. The documents attached as exhibits to the *Complaint* do not show a complete contract reduced

---

[1] Although the Court does not need to determine whether the subsequent Executive Order No. 2017-053 applies to municipalities, both parties agree that although certain government contract requirements were lifted after Hurricane María, government contracts still needed to be in writing. (Docket Nos. 25 at 2, n.1; 26 at 4-5). Moreover, Plaintiff conceded that the exemptions were "subject to the fact that the terms and conditions of the obligation should be stated in writing, specifically, the date, the object of the obligation, the total amount and the signature of the persons authorized to sign it." (Docket No. 26 at 5).

to writing as required by Puerto Rico law. No additional discovery regarding emergency procurement procedures is required.

Pursuant to the above, the Municipality's *Motion to Dismiss under Fed. Rule of Civ. P. 12(b)(6)* at Docket No. 11 is **GRANTED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan Puerto Rico, this 10th day of December 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge