IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DISASTER SOLUTIONS, LLC,<br><br>**Plaintiff**<br><br>v.<br><br>CITY OF SANTA ISABEL, PUERTO RICO<br><br>**Defendant** | **CIVIL NO.** 18-1898 (RAM) |

**OPINION AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the court is Plaintiff Disaster Solutions, LLC's *Motion to Alter or Amend Judgment and Memorandum of Law in Support Thereof*. (Docket No. 30). Plaintiff requests that the Court "reverse" or set aside its Opinion and Order granting Defendant's *Motion to Dismiss*. (Docket No. 28). Defendant subsequently filed an *Opposition to Motion Rule 59(e)*. (Docket No. 33). For the reasons set forth below, the Court **DENIES** Plaintiff's *Motion*.

**I. FACTUAL BACKGROUND**

On November 21, 2018, Disaster Solutions, LLC ("DSL" or "Plaintiff") filed a *Complaint* against the City of Santa Isabel, Puerto Rico ("Defendant"), for monies owed pursuant to agreements allegedly entered with Defendant. (Docket No. 1). DSL subsequently

---

[1] Sarah Fallon, a rising second-year student at the University of Michigan Law School, assisted in the preparation of this Opinion and Order.

amended the *Complaint*. (Docket No. 4). On February 16, 2019, Defendant filed a *Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)* ("Motion to Dismiss"), asserting that any agreements between Plaintiff and Defendant did not constitute a contract under which claims could be made and relief granted. (Docket No. 11 at 12). On December 10, 2019, this Court granted Defendant's *Motion to Dismiss*. (Docket No. 28).

DSL filed its *Motion to Alter or Amend Judgment and Memorandum of Law in Support Thereof* ("Motion") on January 7, 2020, asserting that the Court's December 10, 2019 Opinion and Order fostered a manifest injustice against Plaintiff. (Docket No. 30 at 3). DSL contends that its compliance with the Stafford Act, the General Services Administration regulations, the Local Preparedness Acquisition Act, Puerto Rico Executive Orders EO-2017-053 and EO-2017-072, and the Comptroller's Letter cause a series of documents to sufficiently constitute a contract, given the emergency status caused by Hurricane Maria. Id. at 2. The documents presented by DSL included: (1) the Proposal at Docket 1-1 presented by Plaintiff to Defendant entitled *Proposal Blanket Purchase Order – Not to Exceed $50,000* in compliance with GSA; (2) the Letter of Authorization signed by the Mayor, and (3) three Resource Request Forms also signed by the Mayor. Id. at 10.

## II. LEGAL STANDARD

A motion that requests "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005); *see also* United States v. Pérez-Greaux, 382 F.Supp.3d 177, 178 (D.P.R. 2019). The U.S. Court of Appeals for the First Circuit ("First Circuit") has held that altering or amending a judgment is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Consequently, the decision to deny a Rule 59(e) motion is within the sound discretion of the district court. *See* McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Relief under Rule 59(e) is appropriate in cases which "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). The moving party bears the burden of proving that one of these three conditions exist to warrant reconsideration. *See* Sutherland v. Ernst & Young LLP, 847 F. Supp. 2d 528, 531 (S.D.N.Y. 2012).

Courts may determine that the information newly presented as evidence does not qualify as "new evidence" if it was previously

available. Biltcliffe, 772 F.3d at 931. Furthermore, a motion for reconsideration which presents new legal arguments is not appropriate under Rule 59(e). *See* Perrier-Bilbo v. United States, 954 F.3d 413, 435 (1st Cir. 2020); *See also* Banister v. Davis, 140 S.Ct. 1698, 1708 (2020) (holding that "Courts will not entertain arguments that could have been but were not raised before the just-issued decision."). Lastly, courts will also not readdress arguments presented but rejected during the first judgment. *See* Rivera-Domenech v. Perez, 254 F. Supp. 2d 232, 234 (D.P.R. 2003) ("Arguments previously considered and rejected by the court may not be raised again by way of a Rule 59(e) motion.").

### III. ANALYSIS

DSL contends the Court's decision is a manifest injustice that prevented Plaintiff from having its day in court. (Docket No. 30 at 23). However, DSL has not shown that the Court made manifest errors in its initial judgment. *See* Rivera-Domenech, 254 F. Supp. 2d at 236 (holding that the moving party did not adequately support its assertion of manifest injustice because the evidence as originally presented sufficiently supported the Court's judgment and denial of the motion).

Based on the record as it stood then, the Court concluded in the initial Opinion and Order that Plaintiff had not complied with Puerto Rico law's government contract requirements and thus found that no contract with Defendant existed. (Docket No. 28 at 12). In

its *Motion*, Plaintiff presents the following four documents: Executive Order No. EO-2017-053; Executive Order No. EO-2017-072; and two Circular Letters from the Comptroller's Office. (Docket No. 30 at 25-37). Plaintiff fails to assert that it attempted to obtain these public documents prior to the Court's judgment. (Docket No. 28). *See* In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 612 B.R. 821, 823 (D.P.R. 2019) (finding that movants had not represented unsuccessful attempts to access new exhibits and therefore failed to establish a manifest injustice required for reconsideration). Further, these exhibits were not raised in Plaintiff's *Complaint* (Docket No. 1), *Amended Complaint* (Docket No. 4), Opposition to Defendant's Motion to Dismiss (Docket No. 12), nor in its *Motion in Compliance with Order* (Docket No. 26). As the First Circuit found in Biltcliffe v. CitiMortgage, Inc., the Court may conclude that a movant's supposedly new evidence was available to be presented prior to the court's initial judgment. *See* Biltcliffe, 772 F.3d at 931. In this case, the exhibits are untimely because DSL failed to show they were unavailable prior to the Court's judgment.

In its *Opinion and Order*, this Court found Plaintiff did not fulfill Puerto Rico law's government contract requirements based on the parties' arguments prior to judgment and the Court's analysis of Puerto Rico law. (Docket No. 28). In addition to the aforementioned exhibits, Plaintiff also requests that the Court

also consider new arguments. (Docket No. 30 at 2-3). First, Plaintiff alleges that exceptions allowed by the Comptroller's and Governor's orders amend Puerto Rico law's contract requirements, specifically when contracts must be sent to the Comptroller. Id. at 12. Second, Plaintiff argues that the Presidential order, made under the Stafford Act, triggers *GSA's Disaster Purchasing Program* (Local Preparedness Act). Id. at 2-3.[2] The *Disaster Purchasing Program* allows agglomeration of GSA Schedules. Id. According to Plaintiff, this federal law preempts Puerto Rico law's government contract requirements and its compliance with the orders thus creates a contract from the documents presented in its *Complaint*. (Docket Nos. 30 at 22; 1 at 10-14).

Regarding its compliance with the amended contract requirements set out in the Governor's and Comptroller's orders, the Court determined that these orders did not eliminate the need for a contract to be in writing. (Docket No. 28 at 12 n.1). Even if the deadline extension applied to municipalities in addition to the executive branch, the submission of contracts to the Comptroller **necessarily required the existence of a written**

---

[2] Plaintiff alleges that "**Defendant** failed to mention that the *GSA's Disaster Purchasing Program* and the Public Law 10-248 … allowed state and local governments to agglomerate GSA contracts." (Docket No. 30 at 2-3, emphasis added). This assertion is an incorrect interpretation of the standard of pleading that states, "a **plaintiff's** obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasis added) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). This argument should have been made by Plaintiff prior to judgment.

**contract.** Id. In fact, the Court stated in its Opinion and Order that "both parties agree that although certain government contract requirements were lifted after Hurricane María, government contracts still needed to be in writing." Id. (citing Docket Nos. 25 at 2, n.1; 26 at 4-5). Under Rule 59(e), this Court need not reconsider arguments already presented. *See* Rivera-Domenech, 254 F. Supp. 2d at 236; *See also* Biltcliffe, 772 F.3d at 930 (holding that motions for reconsideration are not the "mechanism to regurgitate 'old arguments previously considered and rejected'") (quoting Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990)). Plaintiff's argument that the Governor's and Comptroller's orders presented in the *Motion* impact the validity of a contract has already been addressed and rejected in the Court's initial Opinion and Order. (Docket No. 28 at 12 n.1).

The second argument asserted in the *Motion* – that the Presidential order preempts Puerto Rico law's government contract requirements by allowing agglomeration of GSA Schedules – is a newly developed argument. (Docket No. 30 at 2-3). This agglomeration allows governments to buy supplies and services directly from all GSA Schedules during a major disaster. (Docket No. 30 at 7). Plaintiff's *Opposition to the Motion to Dismiss* did not present this argument. (Docket No. 12). Further, the Court's judgment was issued after an order requesting the parties brief

"whether any provisions of federal law or regulations (including but not limited to FEMA regulations) preempt Puerto Rico law's government contracting requirements in emergency situations." (Docket No. 24). Plaintiff's *Motion in Compliance with the Court's Order* **did not present this argument**. (Docket No. 26). The First Circuit has held that a "motion to reconsider should not 'raise arguments **which could, and should, have been made before judgment issued.**'" Perrier-Bilbo, 954 F.3d at 435 (emphasis added) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2011)). *See also* Biltcliffe, 772 F.3d at 930 (holding that motion for reconsideration is not the place to "permit a party to advance arguments it should have developed prior to judgment"). Having specifically requested briefing on potential preemption issues prior to the initial Opinion and Order, the Court finds DLS's current *Motion* belatedly invoked such issues.

Finally, the Court finds Plaintiff's *Motion* lacks adequate "citations and supporting authorities," as required by Local Rule 7(a). *See* L. CV. R. 7(a). Notwithstanding the untimely presentation of the exhibits and arguments presented, Plaintiff fails to adequately assert a claim upon which relief may be granted. Puerto Rico law requires that a contract with the government be written to be valid. (Docket 28 at 2). Plaintiff has not provided a written contract nor alleged that they cannot obtain it. Furthermore, Plaintiff has not cited any federal law or regulations that would

preempt or eliminate Puerto Rico law's requirement that government contracts be in writing when GSA Schedules are used. **Instead, GSA guidelines establish that state and local procurement regulations must be followed.** *See State and Local Governments: Disaster Purchasing: How to Order*, U.S. Gen. Servs. Admin., https://www.gsa.gov/buying-selling/purchasing-programs/ gsa-schedules/schedule-buyers/state-and-local-governments/state-and-local-disaster-purchasing (last visited July 16, 2020).

## IV. CONCLUSION

Plaintiff Disaster Solutions, LLC has not provided any legal authority that preempts Puerto Rico law's government contract requirements, and it lacks a written contract with the City of Santa Isabel. Thus, for the reasons set forth above, the Court **DENIES** Plaintiff's *Motion to Alter or Amend Judgment*. (Docket No. 30).

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 17th day of July 2020.

                                       S/ RAÚL M. ARIAS-MARXUACH
                                       United States District Judge